No. 100.—Briggs H. Moultrie, et al. plaintiffs in error, vs. John S. Hoge, defendant in error.

By the expiration of the charter of the Commercial Bank of Macon, the liability of the directors, under the eighth section, for the payment of bills issued in excess, became extinguished.

Debt, in Bibb Superior Court. Tried before Judge Powers, at May Term, 1856.

-This was an action of debt brought by John S. Hoge, as

the owner and holder of two hundred and fifty-four dollars of the bills of the Commercial Bank of Macon, against the Directors of said Bank. The suit is brought under the 8th section of the charter, making the directors liable for all bills issued during their term of office, when the bank owed an amount exceeding three times the amount of its stock paid in, over and above the money on deposit.

The plaintiff introduced and proved the genuineness and execution of the bills' upon which suit is brought; the amount of capital stock paid in; how said stock was paid; the directorship of defendants; and, by the books of the bank, showed the weekly or semi-monthly statement of its business.

After argument, the presiding Judge charged the jury, that the assets of a bank representing capital stock, must be cash assets, gold or silver, or assets convertible immediately into money, for the redemption of the circulation when presented. Bills of exchange and promissory notes having time to run before maturity, and not convertible into cash for redemption of bills, are not such assets. A stockholder cannot pay for stock in his own promissory notes, and have the same run in the bank, with the understanding that such note is not to be collected and applied to the redemption of the circulation.

The Court further charged the jury, if any excess had been proved, the defendants could only relieve themselves therefrom by showing that they had paid off the same: although the jury might believe (in the event of the excess) that the whole circulation of the bank had been redeemed, with the assets of the bank, except the demands now in suit, if the directors had not already paid from their private funds the whole of said excess.

The Court further charged the jury, that the directors were not liable for the $10,000, or any other sum put in circulation without their agency, and contrary to their order and consent.

Defendants requested the Court to charge the jury:

1st. That the statute of limitations of six months was applicable to said case.

2d. That the statute of limitations of six years, was applicable to this case.

3d. That the statute of limitations of four years, was applicable to the case.

4th. That by the expiration of the charter of said bank, on the 1st day of January, 1852, said plaintiff's cause of action became extinguished, and he could not recover. Which charges the Court refused to give. To all of which charges and refusals to charge, defendants then and there excepted.

Before the argument, and after plaintiff had closed his evidence, defendants demurred thereto, as insufficient in law to entitle him to a verdict. The Court overruled the demurrer, and defendants excepted.

STUBBS, HILL & TRACY, for plaintiffs in error.

JNO. RUTHERFORD, for defendant in error.

*By the Court.*—BENNING J. delivering the opinion.

The Court below, was requested to charge, among other things, this : " That by the expiration of the charter of said bank, on the first day of January 1852, said plaintiff's cause of action became extinguished, and he could not recover."

Ought the Court to have charged it ? This is the only question decided by this Court, and the decision is, that the Court ought to have charged it.

My reasons for being in favor of this decision, are to be found, fully stated, in *Moultrie, et al. vs. Smiley & Neal,* 16 *Ga. Rep., p.* 339, and in *Robison vs. Lane,* 19 *Ga. Rep.* 337, they therefore, need not be repeated here.

McDONALD, J. concurred.

LUMPKIN, J. dissenting.

By the 8th rule of the Commercial Bank of Macon, it is provided that " The total amount of the debts which the said corporation shall at any time owe, whether by bond, bill, note or other contract, shall not exceed three  times the amount of their stock paid in, over and above the amount of money actually deposited in their vaults for safe keeping ; in case of excess, the directors under whose administration it shall happen, shall be liable for the same, in their *individual, natural,* and *private capacity ;* and an action of debt may, in such case, be brought against them, or any of them, their *executors* or *administrators,* in any Court of record in the United States having competent jurisdiction, or *either* of them, by any creditor or creditors of the same corporation, and may be prosecuted to judgment and execution, any *condition,* or *covenant* or *agreement,* to the contrary notwithstanding.    But this shall not be construed to exempt the said corporation, or the lands and tenements, goods and chattles of the same, from being also liable for, and chargable with the said excess; and each of the said directors who have been absent when the said excess was contracted or created, or who have dissented from the resolution or act whereby the same was so contracted or created, shall be liable as other directors for said excess.   But such directors may be entitled to recover out of the directors assenting to such excess, by action of debt, or on the case, the amount which they may have been compelled to pay (*Prince* 101.)

In *Moultrie vs. Smiley, et al.,* 16 *Ga. Rep., p.* 289, this Court held that a bill holder was entitled to his action under this rule, against certain directors, who were guilty of an over-issue, in their individual character, notwithstanding the expiration of the bank charter, by its own limitation.

I maintain the same opinion still, and for the reasons of my dissent from the contrary conclusion to which the Court has come in this case, I refer to the opinion of the Court in that.